FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs
RAMBOD SOTOODEH,
STELLA SOTOODEH,
88 SWEET, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMBOD SOTOODEH; STELLA SOTOODEH; 88 SWEET, INC. | Case No. |
| | |
| | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| | |
| Plaintiffs, | **[Violation of Federal Civil Rights - 42 U.S.C. Section 1983]** |
| | |
| vs. | **DEMAND FOR JURY TRIAL** |
| | |
| CITY OF SOUTH EL-MONTE, a municipal corporation; CITY OF SOUTH EL MONTE CODE ENFORCEMENT SUPERVISOR JOE MARTINEZ;  CITY OF SOUTH EL MONTE CODE ENFORCEMENT OFFICER VINH VO AND DOES 1 n THROUGH 10 INCLUSIVE, | |
| | |
| Defendants. | |

Plaintiffs  RAMBOD SOTOODEH, STELLA SOTOODEH, 88 SWEET, INC. ("Plaintiffs," "RS," STS," and "SWC")hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3).  This action, which arises under the laws and Constitution of the United States, specifically, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983. State supplemental jurisdiction exists under 28 U.S.C. Section 1367.

2.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF SOUTH EL MONTE ("Defendant" or "City"), is a public entity in this District and the individual defendants reside in this District, and the claims arose in this District.

## PARTIES

3.     Plaintiff RS and STS, are husband and wife, and are the legal and beneficial owner of a business that operates  at 2437 Lee Avenue, South El Monte, CA 91733 ("Property").

4.     Plaintiffs RS and STS operate their business by way of a California corporation, Plaintiff SWC, of which they are the principal owners, directors, and shareholders.

2

5.   .   Defendant CITY OF SOUTH EL MONTE ("City")  is a municipal corporation formed and operating under its  local charter and the laws of the State of California.

6.      Defendant CITY OF SOUTH EL MONTE CODE ENFORCEMENT SUPERVISOR JOE MARTINEZ ("JM") was at all timesemployed by the City as  the Supervisor  of the City's code enforcement division.

7.      Defendant CITY OF SOUTH EL MONTE CODE ENFORCEMENT OFFICER VINH VO ("VO") was at all times employed by the City as a code enforcement officer under the supervision of JM. .

8.   The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiffs are  informed and believes and based thereon alleges that each of the DOE defendants are responsible in some manner for the occurences herein referred to, and that plaintiffs'  injuries and damages as herein alleged were proximately caused by those defendants.Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs  will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

3

## **PRELIMINARY FACTUAL HISTORY**

9.   On August 23, 2021, the City and its code enforcement officers, JM and VO, entered the secured areas of the property without consent of Plaintiffs nor a warrant.

10.   In fact, RS explicitly told the City code enforcement officers JM and VO that they did not have permission to enter onto the property, yet despite his admonitions, the City and its code enforcement officers JM and VO did enter.

11.   The City and JM an d VO claimed that that there was an illicit discharge run off pollution in violation of the City Municipal Code, an illegal construction of a patio on the property in violation of the City Municipal Code; Outdoor Storage and Operations in violation of the City Municipal Code, and Illegal Buring on the Property in violation of the City Municipal Code.

12.   The Plaintiffs denied this to the City and JM and Vo prior to their illegal time of entry but the City and JM and VO nevertheless entered onto the property without consent of Plaintiffs sor a warrant, and there in fact were no such violations, but the City, JM and VO entered the secured areas of the property without consent of Plaintiffs nor a warrant. And cited the Plaintiffs with four administrative citations alleging violations of the City Municipal Code sections 8.44.070(B); 15.02, 17.18.190, and 15.14.060.

13.   In entering the secured areas of the property without consent of Plaintiffs nor a warrant, the City and its code enforcement officers JM and VO then exponentially aggravated the Fourth Amendment violations by calling the City's law enforcement and the Los Angeles County Sheriffs Department onto the property and then blocked ingress and

4

egress to the property with multiple law enforcement officers and vehicles that were stationed at the property for many hours that day.

14. To make matters worse, the City and its code enforcement officers JM and VO then threatened Plaintiffs with criminal or civil penalties if the alleged nuisance, which they denied.

15. On or about August 30, 2021, Plaintiffs filed a timely appeal to the City of the four administrative citations set forth in paragraph 12 above.

16. The City hired an administrative hearing officer named MICHAEL TORRES ("MT") and both MT and the City never disc losed prior to the administrative appeal hearing on the citations that MT was a deputy city attorney for another municipality.

17. On information and belief the plaintiffs allege that MT is paid by the City for each administrative citation appeal hearing he conducts for the City.

18. At the time of the hearing, MT demonstrated bias in favor of the City and against the plaintiffs such as placing the burden of proof on the Plaintiffs..

19. Further, there was no competent evidence to support a finding that the Plaintiffs had violated the City Municipal Code justifying the four citations.

20. Plaintiffs objected that the evidence gathered by the City by way of the warrantless and non-consensual inspections of the property as referenced in paragraphs 9-14 but MT refused to rule on the issue claiming that under the City municipal code he had no authority to rule on constitutional issues..

21.   MT did not recuse himself as the hearing officer despite the bias and the appearance of bias.

22.   On June 1, 2022, MT held an appeal hearing on the administrative citations and on June 7, 2022, MT issued a written decision in favor of the City and upholding administrative citations set forth in paragraph 12. A copy of the written decision issued by MT on June 7, 2022 is attached hereto as Exhibit "A".

Based on the above facts, Plaintiffs allege the following claims:

**FIRST CLAIM FOR RELIEF**

(Violation of Civil Rights Under 42 U.S.C.Section 1983

by Plaintiffs Against All Defendants)

23.   Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1-22, and all its subparts, inclusive, as set forth hereinabove.

24.   Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, the City and defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of South El Monte, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

25..   Plaintiffs further are informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-50 above, the City and defendants, and each of them, violates and further threatens to violate the constitutional and civil rights of Plaintiffs, in particular their individual rights under the First

and Fourteenth Amendments of the United States Constitution to be free from to be free from a retaliation and burdening of their petition rights under the Petition Clause of the First Amendment; violates their individual rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from to be free from an unreasonable search and seizure of its property;  and further violates under the Fifth Amendment and Fourteenth Amendments of the United States Constitution in that such actions in meaningfully interfering with plaintiffs' business constitutes a temporary taking of their property in violation of such clause; further violates their individual rights under the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment; and further violates their individual rights under the Equal Protection Clause Fourteenth Amendments of the United States Constitution as similarly situated businesses, in particular other usinesses  in the City are differentially treated with respect to the claimed violatioons..

26.  The City's actions described in paragraphs 1-22 above were done pursuant to official policy, custom, or practice of the City.

27.  As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered  extreme hardship and damages, which damages include, but is not limited to, economic damages, according to proof at trial, but no less than $5,000,000.00; against the defendants, and each of them, and to appropriate declaratory and injunctive relief, and to their reasonable attorneys fees under 42 U.S.C. section 1988.

### SECOND CLAIM FOR RELIEF

(De Novo Appeal Pursuant to California Government

Code Section 53069.4  by Plaintiffs Against All Defendant City)

28.   Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1-27, and all its subparts, inclusive, as set forth hereinabove.

29.   Plaintiffs request a de novo appeal hearing of the administrative citations issued and as referenced in paragraph 12 above, pursuant to California Governme Code Section 53069.4, and further request that such citations be reversed and request that they be awarded their reasonable attorney fees.

WHEREFORE, Plaintiffs  pray judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial, but believed to be not less than $5,000,000.00;

2. For appropriate declaratory and injunctive relief,

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

### SECOND CLAIM FOR RELIEF

4.  For a  a de novo appeal hearing of the administrative citations issued and as referenced in paragraph 12 above, pursuant to California Governme Code Section 53069.4, and a reveraal of  such citations;

8

5. For attorney's fees;

**FOR ALL CLAIMS FOR RELIEF**

.6. For costs of suit; and

7. For such other and further relief as the Court

deems just and proper.

DATED: June 26 , 2022   LAW OFFICES OF FRANK A. WEISER


By: _____
     FRANK A. WEISER, Attorney for
     Plaintiffs RAMBOD SOTOODEH,
     STELLA SOTOODEH, 88 SWEET, INC.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: June 26 , 2022   LAW OFFICES OF FRANK A. WEISER


By: _____
     FRANK A. WEISER, Attorney for
     Plaintiffs RAMBOD SOTOODEH,
     STELLA SOTOODEH, 88 SWEET, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**



NEWPORT PACIFIC
——— L A W, P. C. ———

23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
949.556.3909
newportpacificlaw.com

June 7, 2022

***DELIVERED VIA U.S. MAIL & ELECTRONIC MAIL:*** mvillarreal@awattorneys.com;
mairnons@aol.com; rambod@amircorp.com

Ms. Michelle Villarreal, Deputy City Attorney
City of South El Monte
1415 Santa Anita Avenue
South El Monte, California 91733

Frank A. Weiser
Law Offices of Frank A. Weiser
3460 Wilshire Boulevard, Suite 1212
Los Angeles, California 90010

Rambod Sotoodeh
2815 Muirwoods Court
West Covina, California 91791

> **RE:   Administrative Citation No. 2005 Appeal Hearing Decision**
> **Code Enforcement Case CE-21-0902**

Dear Ms. Villarreal, Mr. Sotoodeh & Mr. Weiser:

On June 1, 2022, from 11:04 a.m. to 12:48 p.m. an administrative appeal hearing was held in the above referenced matter using the online platform Zoom (due to the ongoing Covid pandemic). The administrative appeal hearing was conducted pursuant to the authority and process provided under South El Monte Municipal Code ("SEMMC") Section 1.14.020(A) and Section 1.14.060. Deputy City Attorney Michelle Villarreal, Code Enforcement Supervisor Joe Martinez, and Director Colby Cataldi appeared on behalf of the City of South El Monte ("City"). Frank Weiser, as legal counsel, and Rambod Sotoodeh appeared on behalf of the Appellant.

After reviewing all of the evidence submitted by the City and the Appellant at the administrative appeal hearing, and based upon a preponderance of that evidence, this hearing officer upholds Administrative Citation No. 2005, and the associated administrative fines. The City has elected not to recover any additional administrative costs from the Appellant under SEMMC 1.14.070(D) for this administrative appeal hearing.

### SEMMC Violations

Pursuant to the evidence offered at the administrative appeal hearing, on or about August 23, 2021, the Appellant caused or maintained the following violations of the SEMMC at the property located at 2437 Lee Avenue, South El Monte, California 91733 ("Property"):

(1) Illicit Discharge/Run Off Pollution in violation of SEMMC Section 8.44.070(B) and 8.44.070(D)(4);

(2) Illegal Construction—Patio (SEMMC Chapter 15.02);

(3) Outdoor Storage and Operations (SEMMC Section 17.18.190); and

(4) Illegal Burning (SEMMC Section 15.14.060).

## Scope of Hearing Officer's Review at Administrative Appeal Hearing

At the administrative appeal hearing, the hearing officer was charged with only considering evidence relevant to whether a violation of the SEMMC occurred, and whether the Appellant caused or maintained the violation of the SEMMC on or about August 23, 2021. (SEMMC Section 1.14.060(B).)

Therefore, it was not within the hearing officer's purview to consider the alleged constitutional violations raised by Mr. Weiser in his August 30, 2021 correspondence to City Clerk Donna G. Schwartz.

## Administrative Appeal Hearing's Rules of Evidence

The administrative appeal hearing was conducted in an informal manner and the formal rules of evidence and discovery did not apply. (SEMMC Section 1.14.060(B).)

## Burden of Proof at the Administrative Appeal Hearing

The administrative citation and any additional reports submitted by the City shall constitute prima facie evidence of the respective facts contained in those documents. If the Appellant presents evidence to the contrary at the administrative appeal hearing, the burden of proof shall shift to the City. (SEMMC Section 1.14.060(C).)

## Standard of Proof at the Administrative Appeal Hearing

A preponderance of the evidence shall be the standard of proof used by the hearing officer in deciding the issues at an administrative citation appeals hearing. (SEMMC Section 1.14.060(D).)

## Hearing Officer's Decision

Based upon a preponderance of the evidence, the City has met its burden of proof and established that the Appellant caused or maintained violations of the SEMMC at the Property as described in Citation No. 2005. The Appellant did not offer credible evidence at the administrative appeal hearing to shift the burden of proof or to otherwise distinguish or dismiss the evidence presented by the City.

### *First SEMMC Violation: Illicit Discharge/Run Off Pollution in violation of SEMMC Section 8.44.070(B) and 8.44.070(D)(4)*

#### SEMMC Section 8.44.070(B)

No person shall throw, deposit, place, leave, maintain, keep or permit to be thrown, deposited, placed, left or maintained or kept, any refuse, rubbish, garbage, or any other discarded or abandoned objects, articles or accumulations, in or upon any street, alley, sidewalk, storm drain, inlet, catch basin conduit or drainage structure, business place, or upon any or private plot of land in the city, so that the same might be or become a pollutant. No person shall throw or deposit litter in any fountain, pond, lake,

2

stream, or other body of water within the city. This section shall not apply to refuse, rubbish or garbage deposited in containers, bags or other appropriate receptacles which are placed in designated locations for regular solid waste pick-up and disposal.

SEMMC Section 8.44.070(D)(4)

D.    Nonstormwater Discharges. The following nonstormwater discharges into the MS4 are prohibited unless in compliance with a separate NPDES permit or pursuant to a discharge exemption by the regional board, the Regional Board's executive officer, or the State Water Resources Control Board:

4.    Discharges of untreated runoff to the MS4 from storage areas of materials containing grease, oil, or other hazardous substances, and uncovered receptacles containing hazardous materials;

The City presented evidence at the administrative appeal hearing in the form of oral testimony from Code Enforcement Supervisor Joe Martinez, written notes from Code Enforcement Officer Vinh Vo, and videos and pictures, which show the Appellant, or its employees, using a hose to spray material from their property down their driveway and onto the City's streets where the runoff accumulated and was free to enter the City's storm drain system. Officer Martinez testified that the discharge was a sugary substance that emanated from the five-gallon containers being stored outside at the Property, and Code Enforcement Officer Vinh Vo indicated in his enclosed written notes that some of the discharge was from the hosing down of the open fire on the Property. Officer Martinez testified that he observed runoff from the Property on August 23, 2021.

| City Picture No. 3771 | City Picture No. 3804 |
|---|---|



***Second SEMMC Violation: Illegal Construction—Patio (SEMMC Chapter 15.02)***

SEMMC Section 15.02.010

15.02.010 Los Angeles County Code, Title 26, Building Code adopted.

Chapters 1 through 35, 66, 67, 96, 98, 99 and Appendices I and J of Title 26, Los Angeles County Building Code, as amended and in effect on or before January 1, 2020, adopting the 2019 California Building Code, is hereby adopted by reference pursuant to the provisions of Sections 50022.1 through 50022.10 of the Government Code of the State of California as though fully set forth herein, and made a part of the South El Monte Municipal Code with the same force and effect as though set out herein in full, including all of the regulations, revisions, conditions and terms contained therein except as revised in this chapter by Section 15.02.020 below, regulating and controlling the design, construction, quality of materials, grading, use, occupancy, location and maintenance of all buildings or structures and prescribing conditions under which such work may be carried on within the city and providing for the issuance of permits and the collection of fees therefor.

All references made to county may mean city of South El Monte or Los Angeles County depending on the context.

In accordance with Section 50022.6 of the California Government Code, not less than one copy of said Title 26 of the Los Angeles County Building Code together with any and all amendments thereto proposed by the city of South El Monte, has been and is now filed in the office of the community development department, shall be on file with the building official, shall collectively be known as the city of South El Monte Building Code and may be cited as Chapter 15.02 of the South El Monte Municipal Code.

California Building Code Section 105.1

Any owner or authorized agent who intends to construct, enlarge, alter, repair, move, demolish, or change the occupancy of a building or structure, or to erect, install, enlarge, alter, repair, remove, convert, or replace any electrical, gas, mechanical or plumbing system, the installation of which is regulated by this code, or to cause any such work to be done, shall first make application to the building official and obtain the required permit.

The City presented evidence at the administrative appeal hearing in the form of oral testimony from Code Enforcement Supervisor Joe Martinez, written notes from Code Enforcement Officer Vo, and pictures, which show two unpermitted patio covers on the Property. Officer Martinez testified that he spoke with a representative from the City's Building Department and confirmed that no permits were obtained for the two patio covers. Officer Martinez testified that he observed the two unpermitted patio covers on the Property on August 23, 2021. The two unpermitted patio covers are circled in red in the pictures on the next page.

4

| City Picture No. 3771 | City Picture No. 3822 |
|---|---|



***Third SEMMC Violation: Outdoor Storage and Operations (SEMMC Section 17.18.190)***

SEMMC Section 17.18.190

> …all business operations in the manufacturing zone must be conducted entirely within a completely enclosed building. However, automobile and light truck sales, automobile service stations, outdoor dining, and other businesses which, by their nature, require operations outside of a building may be conducted outside of a building. Also, certain ancillary operations, such as the immediate loading and unloading of merchandise and supplies, routine property and building maintenance and permitted advertising may be conducted out of doors. Non-spoilable trash and/or recyclable material may be temporarily stored in approved and permitted trash enclosure area(s) for not more than seven days.

The City presented evidence at the administrative appeal hearing in the form of oral testimony from Code Enforcement Supervisor Joe Martinez, written notes from Code Enforcement Officer Vo, and pictures, which show the outdoor storage of supplies and materials at the Property. The Appellant also submitted a picture, which shows the outdoor storage of supplies and materials at the Property. Officer Martinez testified that he observed the outdoor storage of supplies and material on the Property on August 23, 2021. The pictures showing the outdoor storage of supplies and material are on the next page.

| City Picture No. 1441 | Appellant's Picture (pdf page 23 of 38) |
|---|---|
|  |  |

### *Fourth SEMMC Violation: Illegal Burning (SEMMC Section 15.14.060)*

<u>SEMMC Section 15.14.060</u>

> Any person who personally or through another willfully, negligently, or in violation of law sets a fire, allows a fire to be set…, or…neglects to properly comply with any written notice of the chief, or willfully or negligently allows the continuation of a violation of the Fire Code and amendments thereto is liable for the expense of fighting the fire or for the expenses incurred during a hazardous materials incident, and such expense shall be a charge against that person. Such charge shall constitute a debt of such person and is collectible by the public agency incurring such expenses in the same manner as in the case of an obligation under a contract, expressed or implied.

The City presented evidence at the administrative appeal hearing in the form of oral testimony from Code Enforcement Supervisor Joe Martinez, written notes from Code Enforcement Officer Vo, and pictures, which show an outdoor fire at the Property. The Appellant also submitted a video, which shows smoke emanating from the Property and Mr. Sotoodeh using a hose to extinguish a fire. Officer Martinez testified that he observed the remnants of a fire at the Property on August 23, 2021. A picture showing the fire at the Property is on the next page.

**City Picture Depicting a Yellow Blow Torch and Burning Pallets at the Property**



### Right of Appellant to Judicial Review

Within twenty (20) days after service of the hearing officer's decision upon the Appellant, the Appellant may seek review of the decision by filing a notice of appeal with the Los Angeles Superior Court and serving the City Clerk with the notice of the appeal in accordance with Government Code Section 53069.4. If the Appellant fails to timely file a notice of appeal, the decision shall be final. (SEMMC §1.14.090)

Sincerely,

Michael Torres
For NEWPORT PACIFIC LAW, P.C.

Enclosure

| Code Enforcement Case: CE-21-0902 |
|---|
| Entered on: 08/23/2021 00:00 |
| Printed on: 05/27/2022 |

Topic: Streets, Sidewalks, and Public Places | Status: Open
Due Date: 10/02/21 | Assigned To:
Initiated by: |
Hearing Date: | Hearing Time:

| **Permit** |
|---|

Permit #: | Business name: | License #:

| **Property Location** |
|---|

Occupant Name: 88 Special Sweet, INC. /Stelle Yeh Stoodeh
Address: 2437 LEE AVE, 91733
Phone: | Cell #:
APN: 5281-013-027

| **Owner Information** |
|---|

Owner Name: LAM,JOHNNY C AND TAMMY N
Address:
, 00000
Phone: | Cell #:

| **Actions** |
|---|

| Action | By | Date | Time | Note/Observation |
|---|---|---|---|---|
| Inspection | Vinh Vo | 08/23/2021 | | At approximately 1053 Hrs, I returned to 2437 Lee Ave. with a written notice of violation for the outside storage. I observed a wooden pallet burning in front of the driveway. A yellow propane torch facing south of the burning pallet could be seen. There was a second fire under the patio cover facing north west of the business wall. I immediately advised Mr. Rambod to extinguish the fire and contacted Code Enforcement Supervisor Joe Martinez for assistance. |

At approximately 11:30 Hrs, Code Enforcement Officer Raul Rodriguez, Code Enforcement Supervisor Joe Martinez, and Community Development Director Colby Cataldi arrived at the location. Upon inspection of the fire, outside storage, illegal construction of the patio(s), and illicit discharge of the extinguish fire into the main street. Supervisor Martinez issued an order for Mr. Rambod to be cited for the listed violations:
SEMMC 08.44.010 Illicit Discharge/Run Off Pollution – Violation fine of $1,000
SEMMC Title 15.02 Illegal Construction – patio - Violation Fine of $1,000
SEMMC 17.18.190 Outdoor Storage and Operations – Violation Fine of $1,000
SEMMC 15.14.060 Set fire – Negligence (burning of pallets & misc. trash) – Violation Fine of $1,000
All four violation fine amounts to the total of $4,000 to be paid by the date of 09/03/2021. Mr. Rambod refused to sign the citation on sight. Please refer to the attached photo of the citation number 2005 for further details.

| **Violations** |
|---|

| # | Violation Type | Due Date | Status | Closed Date |
|---|---|---|---|---|
| 1 | Illegal Construction | 09/10/2021 | Open | |
| | Corrections Required:1.Contact the planning department regarding illegally built structures/metal patios in the parking lot. 2. Acquire all permits if applicable. | | | |
| 2 | Outdoor Storage and Operations | 09/10/2021 | Open | |
| | Corrections Required:1. Remove all merchandise, products, and miscellaneous items from the designated required parking lot. Example, but not limited to: pallets, boxes, containers, metal storage racks/beams. | | | |

| **Inspection Notes** |
|---|

Date: _____ Time: _____

Findings: _____

_____

_____

_____

*Photographs*



IMG_1437.JPG



IMG_1438.JPG



IMG_1439.JPG



IMG_1440.JPG



IMG_1441.JPG



IMG_1442.JPG



IMG_1445.JPG



IMG_1447.JPG



IMG_1448.JPG



IMG_1449.JPG



IMG_1450.JPG



IMG_1451.JPG

SUHH7120.MOV



IMG_1452.JPG





TKFD2153.MOV

1CC103E2-3EA7-41E7-916A-49D1A1CB62A5.jpeg



IMG_1445.jpg

**CITY OF SOUTH EL MONTE**

Code Enforcement Division
1415 Santa Anita Avenue
South El Monte, CA 91733

AUG 23, 2021 at 4:19:33 PM
2705
1441 Santa Anita Ave
Case #
South El Monte CA 91733
United States

**Administrative Citation**

The following fine(s) are now due and payable. In addition to the fine(s) you may be cited each and every day that the violation(s) exists beyond the correction date. Other legal action(s) and penalties may also result if the property is not in compliance.

SEE OTHER SIDE FOR IMPORTANT INFORMATION.

Location of Violation: 2437 lee Ave.
owners Kelli Schnotala South El monte, CA 91733

Responsible Person Information:

| Last, First; Middle: | | State DL or ID#: | |
|---|---|---|---|
| Stonish Rembod | | DL# F518567 | |
| Address: 2815 Mini Wade Ct | City: West Covina | State: CA | Zip: 91791 |

| Violation: | Fine: |
|---|---|
| SEMMC – 05.04.010 Business Activity w/o License | $ |
| SEMMC – 05.04.100 Rental License Required | $ |
| SEMMC – 05.06.040 Business Activity w/o Registration | $ |
| X SEMMC – 08.44.010 Illicit Discharge/Run Off Pollution | $ 1,000 |
| SEMMC – 09.16.010 Property Maintenance | $ |
| X SEMMC – Title 15.02 Illegal Construction | $1,000 |
| SEMMC – 17.08.060 Prohibited Uses ( ) R-Zone | $ |
| SEMMC – 17.14.050 Prohibited Uses ( ) C-Zone | $ |
| SEMMC – 17.15.020 Prohibited Uses ( ) CR-Zone | $ |
| SEMMC – 17.16.060 Prohibited Uses ( ) CM-Zone | $ |
| SEMMC – 17.18.060 Prohibited Uses ( ) M-Zone | $ |
| X SEMMC – 17.18.190 Outdoor Storage and Operations | $1,000 |
| X SEMMC 15.14.060 set fire- | $1,000 |
| negligence (burning of pallets | $ |
| 3 misc trash) | |
| Observed illegal built patio | $ |
| Require to clean all debris | $ |
| and illicit Discharge into | $ |
| the street photos on file CEO | $ |
| Alvarez | |

50% PENALTY WILL BE APPLIED IF NOT PAID BY DUE DATE.

| Total Violation(s): 4 | Due Date: 09/03/2021 | Total Fine(s): $ 4,000 |
|---|---|---|

I HEREBY ACKNOWLEDGE RECEIPT OF THIS CITATION

x Refused to sign      Date: 8/23/21

RESPONSIBLE PERSON SIGNATURE

| Date NOV issued: (Violation Established) 08/22/2021 | Issued By: V O |
|---|---|
| 1st Admin. Citation ✓ 08/23/21 | 2nd Admin. Citation | 3rd Admin. Citation |

| Officer Signature | ID #: 1705 | Issued Date 08/23/2021 |
|---|---|---|

White - File · Yellow - Processor · Gold - Responsible Person